IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

                Criminal Action No.
 v.              08-CR-671 (NAM)

JERMAINE GARY,

 Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SENTENCING MEMORANDUM OF THE UNITED STATES

**I**.  **INTRODUCTION**

  On October 28, 2009, pursuant to an Agreement between the parties, the Defendant, Jermaine Gary, entered a plea of guilty to Count One of the Fourth Superseding Indictment ("Indictment"), which charges him with conspiracy to possess with intent to distribute more than 50 grams of cocaine base (crack), in violation of Title 21, United States Code, Section 846. The United States submits this Memorandum pursuant to the Uniform Presentence Order issued by the Court on that date in anticipation of sentencing, which is scheduled for May 28, 2010.

  This Memorandum addresses the Presentence Investigation Report ("PSR") and any objections or arguments relating to sentencing made by the Defendant to date. If the Court is considering a departure from the applicable U.S. Sentencing Guidelines range on a ground not

previously identified by the parties or in the PSR, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

## II. PLEA AGREEMENT

Pursuant to ¶ 9 of the Plea Agreement executed by the parties in this case, the following stipulations relate to the calculation of the Sentencing Guidelines range:

i. Stipulations

a. With respect to the Indictment, the Defendant is accountable for more than 50 grams but less than 150 kilograms of a mixture or substance containing a detectable amount of cocaine base, based upon the relevant conduct of this Defendant which is readily provable by the United States at this time, without consideration of information provided by the Defendant which is protected by U.S.S.G. § 1B1.8. The corresponding offense level from the drug quantity table at U.S.S.G. § 2D1.1(c) is 30. However, because of the Defendant's prior felony drug convictions noted in paragraph 2 above, the Defendant faces a mandatory term of life imprisonment.

b. The U.S. Attorney's Office will recommend a 2-level downward adjustment to the applicable Sentencing Guidelines range if, (A) through the time of sentencing, the Defendant clearly demonstrates "acceptance of responsibility" to the satisfaction of the Government for the offense of conviction, as defined in U.S.S.G. § 3E1.1(a); and (B) the Government does not learn of new evidence of conduct committed by the Defendant, either before or after his guilty plea, that constitutes "obstruction of justice," as defined in U.S.S.G. § 3C1.1. If the Defendant clearly demonstrates "acceptance of responsibility" to the satisfaction of the Government and promptly enters a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently, the U.S. Attorney's

Office will move for an additional downward adjustment of 1 level, if the Defendant otherwise qualifies under U.S.S.G. § 3E1.1(b).

Also, pursuant to ¶ 13 of the Plea Agreement, the Defendant agrees to waive his right to appeal or collaterally attack any sentence of 262 months or less.

### III. PRESENTENCE REPORT

#### A. Factual Findings

The United States adopts the facts set forth in the PSR submitted by the United States Probation Office on April 7, 2010, without qualification.

#### B. Calculation of the Sentencing Guidelines Range

The United States adopts the offense level computations, the criminal history score, and the resulting Sentencing Guidelines range set forth in the PSR in all respects.

### IV. MOTIONS, APPLICATIONS AND REQUESTS OF THE UNITED STATES

#### A. Motion for Additional Reduction for Acceptance of Responsibility

Pursuant to U.S.S.G. § 3E1.1(b), the United States moves for an additional (third) offense level reduction for "acceptance of responsibility." The Defendant timely notified the authorities of his intention to plead guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

#### B. Ex Parte Communications With The Court

The United States respectfully requests that the Court provide the parties with any ex parte communications received by the Court in connection with the sentencing in this case, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

**V.     GOVERNMENT'S RECOMMENDATION WITHIN GUIDELINES RANGE**

In determining a sentence consistent with the Supreme Court's guidance in *United States v. Booker,* 543 U.S. 220, 259-260 (2005), the Court must consider the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). *United States v. Rattoballi*, 452 F.3d 127, 132 (2d Cir. 2006). The Sentencing Reform Act

> requires judges to consider the Guidelines "sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant," [18 U.S.C.] § 3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims, §§ 3553(a)(1), (3), (5)-(7) (main ed. and Supp. 2004).  And the Act . . . requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care. § 3553(a)(2) (main ed. and Supp. 2004) * * *.

*Booker,* 543 U.S. at 259-260.

The government respectfully contends that a sentence within the Guidelines range set forth in the PSR, along with any other submissions, would be "sufficient, but not greater than necessary," to take into account all of the relevant sentencing factors, as noted in the PSR.  18 U.S.C. § 3553(a).

"[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, __ U.S. __, 128 S. Ct. 558, 574 (2007); *see United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) ("in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.")  Indeed, the Supreme Court has held that, on appeal, a within-Guidelines sentence may be presumed to be reasonable. *Rita v. United States*, __ U.S. __, 127 S. Ct. 2456 (2007).  This is because "the sentencing statutes envision both the sentencing judge and the [Sentencing]

Commission as carrying out the same basic § 3553(a) objectives." *Rita*, 127 S. Ct. at 2463. "An individual judge who imposes a sentence within the range recommended by the Guidelines thus makes a decision that is fully consistent with the Commission's judgment in general." *Id*. at 2465. Further, within-Guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act -- "to diminish unwarranted sentencing disparity." *Rita*, 127 S. Ct. at 2467.

The Supreme Court has recognized that "it is uncontroversial that a major departure should be supported by a more significant justification than a minor one." *Gall v. United States*, __ U.S. __, 128 S. Ct. 586, 597 (2007). If the court decides to impose a non-Guidelines sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.*

Although a sentencing court may vary from a Guideline range based on a policy disagreement with the Guidelines, such a deviation is not entitled to the same deference as a fact-based deviation.

> [A] decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case "outside the 'heartland' to which the Commission intends individual Guidelines to apply." (citation omitted). On the other hand, while the Guidelines are no longer binding, closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range "fails to properly reflect § 3553(a) considerations" even in a mine-run case.

*Kimbrough*, 128 S. Ct. at 574-75 (citations omitted). A non-Guidelines sentence "that rests primarily upon factors that are not unique or personal to a particular defendant, but instead reflects attributes common to all defendants" is "inherently suspect." *Rattoballi*, 452 F.3d at 133 (reliance on "indignity and ill-repute associated with criminal conviction," common to all convicted felons, is contrary to § 3553(a)(6), "which calls for a reduction in unwarranted disparities among similarly situated defendants").

Morever, the Second Circuit has held that a sentencing court cannot "import [its] own philosophy of sentencing if it is inconsistent with the § 3553(a) factors." *Rattoballi*, 452 F.3d at 132 (internal quotation marks and citation omitted). A sentence may be unreasonable if the court "relies on factors incompatible with the Commission's policy statements . . . in the absence of persuasive explanations as to why the sentence actually comports with the § 3553(a) factors." *Rattoballi*, 452 F.3d at 134, 135-36 (vacating a sentence of probation and home confinement as unreasonable when district court appeared to have overlooked or ignored policy statements that "make plain that imprisonment is generally warranted for antitrust offenders").

## VI. PROCEDURAL REQUIREMENTS FOLLOWING *BOOKER*

### A. Calculation of the Guidelines Range

The court "should begin all sentencing proceedings by correctly calculating the applicable guidelines range." *Gall*, 128 S. Ct. at 596 (2007). "An error in determining the applicable Guideline range . . . would be the type of procedural error that could render a sentence unreasonable under *Booker*." *United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir. 2005), *citing United States v. Rubenstein*, 403 F.3d 93, 98-99 (2d Cir.), *cert. denied*, 546 U.S. 876 (2005).

Prior to sentencing, the Court must resolve any material issues of fact, and must state its factual findings – by adoption of the PSR or otherwise – on the record in a manner sufficient to permit appellate review. *See, e.g., United States v. Jeffers,* 329 F.3d 94, 101-02 (2d Cir. 2003); *United States v. Ben-Shimon,* 249 F.3d 98, 103 (2d Cir. 2001). The Court is authorized to make all factual determinations relating to the Sentencing Guidelines by a preponderance of the evidence, considering any reliable evidence, including hearsay. *See United States v. Gonzalez*, 407 F.3d 118, 125 (2d Cir. 2005) (the power of district judges to resolve disputed facts by a preponderance of the

evidence at sentencing survives *Booker*); *United States v. Martinez*, 413 F.3d 239, 243 (2d Cir. 2005) (neither *Booker* nor *Crawford v. Washington*, 541 U.S. 36 (2004), bars judicial consideration of hearsay at sentencing), *cert. denied,* 546 U.S. 1117 (2006); *United States v. Crosby*, 397 F.3d 103, 112, 113 (2d Cir. 2005). "A sentencing judge would . . . violate [18 U.S.C. §] 3553(a) by limiting consideration of the applicable Guidelines range to the facts found by the jury or admitted by the defendant, instead of considering the applicable Guidelines range, as required by subsection 3553(a)(4), based on the facts found by the court." *Crosby,* 397 F.3d at 115.

### B.    Consideration of the Sentencing Guidelines and the § 3553(a) Factors

Although the Sentencing Guidelines are no longer mandatory, "*Booker* did not signal a return to wholly discretionary sentencing." *Rattoballi*, 452 F.3d at 132. The Second Circuit has cautioned:

> [I]t would be a mistake to think that, after *Booker/Fanfan*, district judges may return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum. On the contrary, the Supreme Court expects sentencing judges faithfully to discharge their statutory obligation to "consider" the Guidelines and all of the other factors listed in section 3553(a). We have every confidence that the judges of this Circuit will do so, and that the resulting sentences will continue to substantially reduce unwarranted disparities while now achieving somewhat more individualized justice.

*Crosby*, 397 F.3d at 113-114.

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark" for a sentence. *Gall*, 128 S. Ct. at 596. The Guidelines, which were fashioned after careful consideration of the other § 3553(a) factors, "cannot be called just another factor in the statutory list, 18 U.S.C. § 3553(a), because they are the only integration of the multiple factors and, with important exceptions, their calculations were based upon the actual sentences of many judges." *Rattobolli*, 452 F.3d at 133 (citations and internal quotation

marks omitted); *Gall*, 128 S. Ct. at 594 (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").

      C.      <u>**Statement of Reasons for the Sentence**</u>

Section 3553(c) requires the district court, "at the time of sentencing," to "state in open court the reasons for its imposition of the particular sentence." "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require a lengthy explanation." *Rita*, 127 S. Ct. at 2469. Still, "[w]here a prosecutor or defendant presents non-frivolous reasons for imposing a different sentence, . . . the judge will normally . . . explain why he has rejected those arguments." *Id*.

Greater specificity is required for: (1) sentences within a Guidelines range that exceeds 24 months – for which the court must state "the reason for imposing a sentence at a particular point within the range" (18 U.S.C. § 3553(c)(1)); and (2) sentences outside the Guidelines range – for which the court must state orally and in the written judgment "the specific reason" for the imposition of the sentence (18 U.S.C. § 3553(c)(2)). *See*, *e.g.*, *United States v. Lewis*, 424 F.3d 239, 249 (2d Cir. 2005) (remanding because, in imposing a sentence for supervised release violation, the district court failed to state sufficient reasons for imposing a sentence outside the range recommended by Guidelines policy statements); *United States v. Goffi*, 446 F.3d 319, 321-22 (2d Cir. 2006) (remanding for the district court to amend the written judgment to state the specific reason for the imposition of a sentence outside of the policy statement for a probation violation).

When a sentence deviates significantly from the Guidelines, and the judge has not made a compelling statement of reasons, the Second Circuit "may be forced to vacate" if "the record is insufficient, on its own, to support the sentence as reasonable." *Rattoballi*, 452 F.3d at 135.

> Judicial decisions are reasoned decisions. Confidence in a judge's use of reason underlies the public's trust in the judicial institution. A public statement of those reasons helps provide the public with the assurance that creates that trust.

*Rita,* 127 S. Ct. 2468.

## VII. GOVERNMENT'S POSITION REGARDING REMAND

The Defendant has been incarcerated pending sentencing. The Government is unaware of any circumstances which would warrant a change in that status pending his transfer to a federal facility to serve the balance of his sentence.

## VIII. CONCLUSION

The United States respectfully contends that the recommended sentencing range is the most appropriate, because it is "sufficient, but not greater than necessary" to achieve the goals of sentencing.

Dated: May 14, 2010                                  Respectfully Submitted,

                                                     RICHARD S. HARTUNIAN
                                                     United States Attorney

                                                     /s/
                                             By:     John M. Katko
                                                     Assistant U. S. Attorney
                                                     Bar Roll No. 502457

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*****************************************

**UNITED STATES OF AMERICA,**

        v.

**JERMAINE GARY,**

        **Defendant.**

*****************************************

**Criminal Action No.
08-CR-671 (NAM)**

# CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2010, I electronically filed the **GOVERNMENT'S SENTENCING MEMORANDUM** with the Clerk of the District Court using the CM/ECF system.

John D. Kinsella, Esq.

/s/

Paula Briggs

10