IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTHERN NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 08-CR-0671-NAM |
| | ) | |
| JERMAINE GARY, | ) | |
| | ) | |
| *Defendant.* | ) | |

EMERGENCY MOTION TO REDUCE SENTENCE
PURSUANT TO THE FIRST STEP ACT OF 2018
IMMEDIATE RELEASE ELIGIBLE

JERMAINE GARY, by his undersigned counsel, Molly K. Corbett, Assistant Federal Public Defender, respectfully moves this Court pursuant to Section 404(b) of the First Step Act of 2018 for an order imposing a reduced term of imprisonment from 200 months to a sentence within the guidelines range or to "time served," 140 months, which will make him eligible for immediate release. Mr. Gary also requests a reduction in his supervised release term to the now applicable minimum term of 8 years.

A.   LEGISLATIVE BACKGROUND

On December 21, 2018, the First Step Act of 2018 was enacted into law. *See* 132 Stat. 5194. Section 404 of that law made the Fair Sentencing Act of 2010 ("2010 FSA") retroactive to defendants who were convicted of violating a statute, the statutory penalties for which were modified by the 2010 FSA. The 2010 FSA was enacted because Congress recognized that the 1986 Anti-Drug Abuse Act's penalty scheme for crack cocaine offenses was far too harsh and had a disparate impact on

African American defendants. *See Kimbrough v. United States*, 552 U.S. 85, 97-99 (2007); *Dorsey v. United States*, 567 U.S. 260, 268-69 (2012). Specifically, Section 2 of the 2010 FSA changed the penalty structure for crack offenses, as follows:

- Section 841(b)(1)(C) now provides for a sentencing range of up to 20 years if the offense involved less than 28 grams or an unspecified amount of crack cocaine;
- Section 841(b)(1)(B)(iii) now provides for a sentencing range of 5 to 40 years if the offense involved "28 grams or more" but less than 280 grams of crack cocaine; and,
- Section 841(b)(1)(A)(iii) now provides for a sentencing range of 10 years to life if the offense involved "280 grams or more" of crack cocaine.

21 U.S.C. § 841(b) (2018).

Section 404(b) of the First Step Act of 2018 provides that the court "may," upon motion of the defendant, "impose a reduced sentence." First Step Act of 2018, § 404(b) Pub. L. 115-391, 132 Stat. 5194, 5222 (Dec. 21, 2018).

The 2010 FSA went into effect immediately (August 3, 2010), and, partly to more thoroughly put an end to the "disproportionate status quo," the Supreme Court held that the new penalty structure would apply to any defendant sentenced on or after August 3, 2010, including those who committed the offense prior to that date. *Dorsey*, 567 U.S. at 278. Still, this remedy to the disproportionate status quo fell far short since it left intact many unjust sentences that were imposed under the pre-2010 FSA penalty structure from 1986 to August 3, 2010 or June 21, 2012 when

*Dorsey* was decided.[1] The First Step Act of 2018 has now created a freestanding remedy to retroactively reduce sentences of this type.

Section 404 of the First Step Act establishes its remedy in two steps, and it clearly applies to Mr. Gary at each step.

First, the First Step Act defines what offenses are covered by its remedy:

> Definition of Covered Offense: In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.

First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, § 404(a) (2018). Mr. Gary's drug offense is a "covered offense" because Section 2 of the 2010 FSA "modified" the "statutory penalties" under § 841(b) for "violation[s]" of 21 U.S.C. §§ 841(a) and 846, and he committed such offense before August 3, 2010.

Second, the First Step Act provides the circumstances under which a district court may impose a reduced sentence for defendants who were previously sentenced for a "covered offense":

> Defendants Previously Sentenced: A court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 § 404(b) (2018). This provision plainly applies to Mr. Gary because this Court previously "imposed a sentence" on him "for a covered offense," and he is moving for imposition of a

---

[1] Not all defendants sentenced under the pre-FSA penalties filed a § 2255 or other motion for relief after *Dorsey*.

3

reduced sentence.[2]  Thus, this Court may now "impose a reduced sentence" on Mr. Gary for his crack cocaine offense as if the FSA were in effect.

Third, the First Step Act provides two narrow limitations on this resentencing power.

> No court shall entertain a motion made under this section to reduce a sentence [1] if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or [2] if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.

First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 § 404(c) (2018). Neither of these limitations apply to Mr. Gary.

B.   PROCEDURAL AND FACTUAL BACKGROUND

On October 28, 2009, Gary pleaded guilty pursuant to a plea agreement to violating 21 U.S.C. § 846 (a)(1) by conspiring with others from July 2008 to October of 2008 to possess with intent to distribute more than 50 grams of cocaine base and more than 500 grams of cocaine charged as the single count in the fourth superseding indictment.  The government also filed an Enhanced Penalty Information pursuant to 21 U.S.C. §851 alleging that Gary had previously been convicted of four prior felony drug offenses: (1) Criminal Possession of a Controlled Substance, 3rd Degree on October 9, 1998 in Oneida County Court, New York (Case No. I98-330); (2) Criminal Possession of a Controlled Substance, 5th Degree on April 4, 2000 in Herkimer County Court, New York, (Case No. S00-020-A); (3) Criminal Possession

---

[2] The Government agrees that Mr. Gary is eligible for a sentencing reduction under the First Step Act of 2018.

of a Controlled Substance, 5th Degree on December 9, 2002, in Oneida County Court, New York (Case No. I02-23 8); (4) Attempted Criminal Possession of a Controlled Substance, Third Degree on November 23, 2004 in Oneida County Court, New York, Case#: I04-341. Mr. Gary's statutory mandatory minimum sentence was Life with a statutory maximum of Life pursuant to 21 U.SC. § 841(b)(1)(A), for possession of 50 grams or more of crack cocaine after multiple prior felony drug offenses.

The Presentence Report ("PSR") based the guidelines calculations on the offense that involved more than 50 grams and up to 150 grams of cocaine base as agreed upon by the government and Gary in the plea agreement for determining the base offense level of 30. PSR p. 6, ¶4; p. 13, ¶31. A three level downward adjustment for acceptance of responsibility reduced the total offense level to 27. [3]

However, Gary was also classified as a "career offender" under U.S.S.G. §4B1.1(b)(2) based upon his convictions on two counts of Criminal Sale of a Controlled Substance, Third Degree (Felony) on October 9, 1998 (PSR ¶ 48) and Attempted Criminal Possession of a Controlled Substance, Third Degree (Felony) on November 23, 2004 (PSR ¶ 51). The PSR advised that because his maximum statutory sentence was Life, his base offense level was 37 under the career offender guideline. U.S.S.G. §4B1.1(b)(1); PSR p. 14, ¶40. His criminal history category was VI. After a three-level reduction for acceptance of responsibility, the total offense level was 34, rendering a guideline range of 262 to 327 months. PSR p. 23, ¶77. Because Gary had

---

[3] The guidelines range simply based upon the drug amount and the actual calculated criminal history category of VI would have been 130 to 162 months.

two prior felony drug convictions, his mandatory minimum sentence was Life. PSR p. 27, ¶ 77; U.S.S.G. ¶5G1.1 (b). The statutory minimum of Life was greater than the guidelines sentence so the Life sentence became the guidelines sentence. U.S.S.G. §5G1.1

At the sentencing on June 8, 2010, the government moved for a downward departure that the court granted. *Exhibit 1, Transcript of Sentencing, June 8, 2019 at 4.* [4] Defense counsel requested a delay in sentencing pending the outcome of the legislation but was denied. *Ex. at 6.*[5] Neither party objected to the offense level calculation or the criminal history score. *Ex. 1 at 3-4.* After finding the total offense level was 34 with the Criminal History Category VI, the court imposed a sentence of 200 months imprisonment. *Ex. 1 at 7-8.*[6] The court also imposed 10 years of supervised release. *Id.*

After the sentence was imposed, Gary asked the court about the applicability of the pending legislation. *Ex. 1 at 10-11*. The Court advised Gary that he was not waiving his right to resentencing if the legislation was retroactive. Id. at 10.

### C. APPLICATION OF THE FAIR SENTENCING ACT THROUGH THE FIRST STEP ACT

Under the now fully retroactive Fair Sentencing Act of 2010, Mr. Gary is subject to a mandatory minimum of 10 years imprisonment with a statutory maximum of Life for an offense involving more than 28 grams of crack cocaine but less than 280

---

[4] The government referenced a letter filed on June 1, 2010 that included the motion for downward departure. The letter appears not to have been filed as it is not entered on the docket, Counsel is estimating the amount of the court's departure from the district court's sentencing decisions.
[5] The Fair Sentencing Act passed August 3, 2010.
[6] The first offense level that includes a sentence of 200 months with a Criminal History Category VI is level 31. U.S.S.G. Ch. 5, Part A.

grams with prior convictions for felony drug offenses. 21 U.S.C. §841(b)(1)(B). The minimum applicable term of supervised release is 8 years.

The reduction in the maximum sentence changes the guidelines calculation from the mandatory minimum of Life that corresponded to the base offense level of 43 to the base offense level of 37. U.S.S.G. Ch. 5, Part A; U.S.S.G. §4B1.1(b). Including the reduction of three levels for acceptance of responsibility results in a total offense level of 34. PSR p.14, ¶41. With the Criminal History Category VI, the amended advisory guideline range was 262 to 327 months. PSR p. 23, ¶77.

At the original sentencing it appears that the court reduced Gary's sentence from the mandatory life guidelines level of 43 to a sentence equivalent to a total offense level of 31 after calculating the guidelines sentence, granting the government's motion for departure and apparently departing additional levels. In reducing the guidelines sentence from a Life sentence down to 200 months the court granted what equated to a nine level departure.

Using the currently applicable offense level of 34, with the previously granted departures would reduce the total offense level to 25. With a Criminal History category of VI, the advisory guidelines range becomes 110 to 137 months. A sentence within the advisory guidelines range would make Gary eligible for release.

Mr. Gary has not previously moved for a reduced sentence under Section 404 of the First Step Act of 2018, and his sentence was not previously imposed or previously reduced in accordance with sections 2 and 3 of the 2010 FSA. His current release date from the custody of the Bureau of Prisons (BOP) is June 12, 2023. *Exhibit*

*2, BOP Summary Reentry Plan-Progress Report and Disciplinary Record.* He has served 124 months in prison. Based upon the amount of time served his good time credit is approximately 500 days or 16 ½ months.

Gary is not only eligible but deserving of the sentence reduction. During his ten years in custody he has focused his efforts on educational classes and vocational training completing over thirty courses during his imprisonment. He eventually settled on training for a career in the culinary profession. *Ex. 2 at 1-2*. He is employed in the kitchen, dining room and Culinary Arts program at FCI Danbury where he is currently incarcerated. *Id.* He has had one minor disciplinary infraction in 2016 that reduced his good time by 40 days.

Based upon the foregoing, Mr. Gary is eligible for relief under the First Step Act of 2018, and imposition of a reduced sentence is consistent with Congress's intent to remedy the disproportionate impact of the statutory penalties applied to crack cocaine offenses prior to 2010. A reduced sentence within the revised advisory guidelines range in accordance with the court's prior sentence variance would make Mr. Gary eligible to begin serving his term of supervised release. Gary also requests to reduce the term to currently applicable 8 years of supervised release.

Mr. Gary respectfully requests the Court to order Probation to advise of its position in the most expeditious manner possible, and to then exercise its authority to resentence him as soon as possible. If the Court agrees that Mr. Gary has already served his newly reduced sentence, he does not seek a resentencing hearing.

DATED: March 26, 2019

Respectfully submitted,

Lisa A. Peebles
FEDERAL PUBLIC DEFENDER
Office of the Federal Public Defender
for the Northern District of New York

BY: *Molly K. Corbett*
―――――――――――――――――
Molly K. Corbett
Assistant Federal Public Defender
Bar Roll # 105740