```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

                                    Plaintiff,

vs.                                              08-CR-671

JERMAINE GARY,

                                    Defendant.
------------------------------------------------------x
```

Transcript of *SENTENCING* held on June 8, 2010, at the James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York, the HONORABLE NORMAN A. MORDUE, Presiding.

A P P E A R A N C E S

| | |
|---|---|
| For Plaintiff: | OFFICE OF THE UNITED STATES ATTORNEY<br>100 South Clinton Street<br>Syracuse, New York 13261<br>  BY: JOHN KATKO, AUSA |
| For Defendant: | OFFICE OF JOHN D. KINSELLA<br>6834 Buckley Road<br>North Syracuse, New York 13212 |

1      (Open court:)
2      THE COURT:  Will the clerk please call the case and
3 have counsel note their appearances for the record.
4      THE CLERK:  2008-CR-671, United States of America
5 versus Jermaine Gary.
6      Please note your appearances for the record.
7      MR. KATKO:  Good morning, your Honor, John Katko
8 for the United States.
9      THE COURT:  Mr. Katko, good morning, sir.
10      MR. KINSELLA:  Good morning, Judge, John Kinsella
11 for the defendant Jermaine Gary who is here present.
12      THE COURT:  Mr. Kinsella, Mr. Gary.
13      Mr. Gary, your case is on for sentencing this
14 morning, sir.
15      At this time let me inquire of counsel, do counsel
16 have the Presentence Report dated April 7th, 2010, revised
17 May 19th, 2010, and the addendum dated May 19th, 2010?
18      MR. KATKO:  Yes, sir.
19      MR. KINSELLA:  That's correct, Judge.
20      THE COURT:  Did you share it with your client?
21      MR. KINSELLA:  I have.
22      THE COURT:  Okay.  Are there any objections to the
23 facts as stated in the Presentence Report?
24      MR. KATKO:  None from the government.
25      THE COURT:  Mr. Kinsella?

1     MR. KINSELLA:  The only problem that my client had
2 in relation to the Presentence Report was the pleas in state
3 court that incorporated an attempt to sell.  Other than that,
4 the factual background is accurate.
5     THE COURT:  In regard to that objection, I'm going
6 to rule that under Section 4B1.2, note one, of the Sentencing
7 Guidelines, it would indicate that his pleas of guilty to
8 220.061, which was of the Penal Law of the State of New York,
9 which I believe was Possession with Intent to Distribute
10 Fifth Degree and then there was the Attempted Criminal
11 Possession in the Third Degree, which had also the Attempted
12 Possession Third Degree, would follow under note one as to be
13 the crimes of dealing that form a basis for the enhanced
14 penalty so.
15     MR. KINSELLA:  Judge, and as the Presentence Report
16 was amended, that satisfies all of the concerns that the my
17 client had.
18     MR. KATKO:  Your Honor, I would just note for the
19 statutory enhancement purposes, that only impacts two of the
20 four prior felony drug convictions that this defendant has.
21 Regardless, he would be facing mandatory life under the
22 statute even if these were found not to be distributable
23 offenses.
24     THE COURT:  I agree.  Okay.  At this time, are
25 there any objections to the offense level calculations?

1             MR. KATKO:  None from the government, sir.
2             THE COURT:  Mr. Kinsella?
3             MR. KINSELLA:  None, your Honor.
4             THE COURT:  And do you agree with the Criminal
5    History Category in this case?
6             MR. KATKO:  Yes, we do.
7             THE COURT:  Mr. Kinsella?
8             MR. KINSELLA:  I'm sorry, I didn't hear that.
9             THE COURT:  Do you agree with the Criminal History
10   Category?
11            MR. KINSELLA:  Yes, Judge.
12            THE COURT:  Other than the objections you have to
13   the prior offenses?
14            MR. KINSELLA:  No.
15            THE COURT:  At this time are there any motions for
16   downward departure from the government?
17            MR. KATKO:  There is a motion for downward
18   departure.  The facts and circumstances underlying that
19   motion are set forth in a letter to the Court dated June 1st
20   and we'll rely on those.
21            THE COURT:  I have read that.  I'm going to grant
22   that request.
23            MR. KINSELLA:  Your Honor, I would join in that
24   motion and that letter satisfies the requirements of the
25   defendant in relation to that motion.

1        THE COURT: Okay.  That being the case, I'm ready
2   to impose sentence.
3        Does the government move sentence?
4        MR. KATKO: We do, your Honor, I would simply
5   request that the Court indulge me for one moment.  I don't
6   know if you can characterize it as a discrepancy.  I want to
7   make the record perfectly clear.  The defendant has taken the
8   position that he never cooked crack and if you read the total
9   mix of his statements, there is -- there leaves some question
10  whether or not he is fully accepting responsibility with
11  respect to the crack cocaine that he was involved with
12  dealing in the plea agreement and I would just ask the court
13  to inquire of the defendant if, in fact, he was involved in
14  those three deals set forth in the plea agreement and, in
15  fact, they were over in excess of 50 grams of crack cocaine.
16       MR. KINSELLA: Your Honor, yes, the defendant has
17  denied that he cooked.  But, as Mr. Katko has clearly
18  indicated, the plea, the factual basis for the plea indicated
19  crack sales.
20       THE COURT: Greater than 50 grams.
21       MR. KINSELLA: Yes.  And I think the defendant --
22  he'll speak for himself -- but I believe he will agree with
23  the 50 grams.
24       THE COURT: Okay.
25       THE DEFENDANT: I do.

1              THE COURT: You agree with that, as you sit here
2     today, you did distribute more than 50 grams of crack
3     cocaine?
4              THE DEFENDANT: Yes.
5              THE COURT: Okay.
6              MR. KATKO: Thank you, sir. We have nothing
7     further.
8              THE COURT: Mr. Kinsella.
9              MR. KINSELLA: Your Honor, the only thing I would
10    request is that we delay the sentencing pending the
11    legislation that is currently winding its way through this
12    Congress, both the House and the Senate, in relation to the
13    crack and powder ratios and that the sentence be delayed
14    pending a resolution of the Houses of Congress and awaiting
15    the decision by the President as to whether or not he will
16    sign the legislation that comes from that ultimate agreement,
17    Judge.
18             THE COURT: Well, they have been talking about that
19    legislation for well over a year and there's two different
20    bills that are being discussed; and I think in light of the
21    uncertainty of it, that I will not grant your relief in that
22    regard and proceed with the sentence.
23             Jermaine Gary, is there anything you would like to
24    say before I pronounce sentence?
25             THE DEFENDANT: Not really, your Honor, beside

1  that, you know, I made mistakes in my life that I can never
2  turn back and get back.  That's about it.
3           THE COURT:  Well, you did some things to try to
4  turn it around, I know that.  All right.
5           I've reviewed and considered all the pertinent
6  information, including, but not limited to, the Presentence
7  Investigation Report, the addendum, the submissions by
8  counsel, the factors that are outlined in 18 U.S.C. 3553(a),
9  as well as the Sentencing Guidelines.
10          I'm adopting the factual information contained in
11 the Presentence Report, except the issue of whether there was
12 the time that you cooked crack cocaine.  I'm not considering
13 that.  You objected to that, right?
14          THE DEFENDANT:  Yes.
15          THE COURT:  So I'm not going to consider that.
16          I find your total offense level to be 34.  Your
17 Criminal History Category is VI and your Guideline
18 imprisonment range is life imprisonment as required by
19 statute.
20          Now, upon your plea of guilty to Count 1 of the
21 fourth superseding indictment and having granted the
22 government's motion pursuant to Sentencing Guideline 5K1.1
23 and 18 U.S.C. 3553(e), it is the judgment of the Court that
24 you are hereby committed to the custody of the Bureau of
25 Prisons to be imprisoned for a term of 200 months.

Case 5:08-cr-00671-NAM Document 452 Filed 04/26/19 Page 8 of 12

1    I'm recommending you participate in a drug
2 treatment program while in custody.  Upon your release from
3 imprisonment, you shall be placed on supervised release for a
4 term of 10 years.  And while you are on supervised release,
5 you shall not commit another federal, state or local crime
6 and you shall comply with the standard conditions that have
7 been adopted by this Court, along with the three following
8 special conditions:
9    First, you shall participate in a program for
10 substance abuse, which shall include testing for drug and/or
11 alcohol use and it may include inpatient or outpatient
12 treatment.  That program shall be approved by the United
13 States Probation Office;
14    Secondly, you shall contribute to the cost of any
15 evaluation, testing, treatment and/or monitoring services
16 that are rendered in an amount to be determined by your
17 probation officer.  That would be based on your ability to
18 pay or the availability of third-party payments;
19    And, third, you shall not associate with any
20 member, associate or prospect of the Branch Off Productions
21 or any criminal gang, club or organization in person, by
22 telephone or by any other means of interaction or
23 communication.  You shall not wear or display the colors or
24 the insignia of these organizations or obtain tattoos, scars
25 or burn marks, including brands, associated with these

1  organizations.
2           Now, you shall pay to the clerk of the court a
3  special assessment of $100 that is due and payable at this
4  time.  But I do find, based on your financial resources, the
5  projected earnings and your other income, as well as your
6  financial obligations, you do not have the ability to pay a
7  fine; therefore, a fine is not ordered in this case and I'm
8  going to waive that.
9           Now, pursuant to 21 U.S.C. Section 853, you shall
10 forfeit to the United States all right, title and interest in
11 the items that are listed in the Preliminary Order of
12 Forfeiture that was signed by the Court on November the 9th,
13 2009.
14          Now, both parties do have a right to appeal this
15 sentence in certain limited circumstances, except as
16 restricted by any waivers stipulated to in the plea
17 agreement.
18          Now, in this case at the time you entered your plea
19 of guilty, Jermaine, you said you would not appeal any
20 sentence of 262 months or less.  Do you recall that?
21          THE DEFENDANT:  Yes, sir.
22          THE COURT:  I sentenced you to 200 months in this
23 case so that would mean to me there would be no appeal.
24          THE DEFENDANT:  Appeal in like what you mean?
25          THE COURT:  Pardon me?

Case 5:08-cr-00671-NAM Document 522 Filed 04/26/19 Page 10 of 12

1   THE DEFENDANT: Appeal in like, appealing the
2   sentence?
3   THE COURT: There's a waiver. When you entered
4   your plea of guilty, you waived your right to appeal anything
5   in this case except the sentence, if I sentenced you to more
6   than 262 months, then you would have a right to appeal
7   whether I was correct in the sentence imposed.
8   In this case today I just sentenced you to 62
9   months less than that.
10  THE DEFENDANT: You sentenced me to 200 months.
11  THE COURT: 200 months.
12  THE DEFENDANT: Can I ask you a question, though?
13  THE COURT: Yes.
14  THE DEFENDANT: Say like that new law that's
15  supposed to be in legislation.
16  THE COURT: If that comes down and it's retroactive
17  like last time, you'll get a resentence. You're not waiving
18  that.
19  THE DEFENDANT: Oh, okay, that's what I was
20  wondering.
21  THE COURT: That would be --
22  THE DEFENDANT: Then, I didn't --
23  THE COURT: -- something -- you don't have to waive
24  that issue.
25  MR. KATKO: Your Honor, I hate to complicate

1   matters but it may or may not be retroactive.  I'm not sure.
2              THE COURT:  We got to wait till it comes down.
3   Last time it was retroactive.  I don't know if it will be
4   this time.
5              MR. KATKO:  That's right.
6              THE COURT:  Because we resentenced every person
7   that we had, if you remember.
8              MR. KATKO:  Yes.
9              THE COURT:  In the Northern District of New York,
10  all the cases that had gone through.
11             Jermaine, I don't know if they're going to say it's
12  retroactive.
13             THE DEFENDANT:  All right.
14             MR. KINSELLA:  Yes, Judge, I don't believe there's
15  any basis for an appeal in this case.
16             THE COURT:  Okay.
17             MR. KINSELLA:  I want the record to reflect that.
18             THE COURT:  Thank you.  So at this time I'll remand
19  you to the custody of the United States Marshal in accordance
20  with the terms of this sentence.
21             I wish you well, Jermaine.
22             THE DEFENDANT:  Thank you.
23             THE CLERK:  Court stands adjourned.
24             (Proceedings were adjourned.)
25

C E R T I F I C A T I O N


       I, DIANE S. MARTENS, Registered Professional Reporter, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, that the foregoing is a true and correct copy of same and the whole thereof.


                                      _____

                                      DIANE S. MARTENS, FCRR