UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JERMAINE GARY, )<br>)<br>Defendant. )<br>) | Case No. 5:08−cr−00671−NAM−9<br><br>Government's Response to Motion for a<br>Sentencing Reduction Under Section 404<br>of the First Step Act of 2018 |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York ["NDNY"], hereby responds to defendant Germaine Gary's motion for a sentencing reduction under Section 404 of the First Step Act of 2018, Pub. L. 115-391, December 21, 2018, 132 Stat 5194 ["FSA 2018"]. As explained below, Gary's offense of conviction is a "covered offense" under the FSA 2018, and Gary is legally eligible for a sentencing reduction. Thus, this Court has discretion to reduce Gary's sentence if it chooses to do so, as well as to determine the extent of any reduction, all based on its assessment of the factors set out in 18 U.S.C. § 3553(a), and a downward departure based on a government motion made when Gary was first sentenced.

**A.     Procedural History**

On June 24, 2009, Gary was charged in a one-count fourth superseding indictment with conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846, which offense involved "more than 50 grams of cocaine base." triggering the then-applicable penalty provisions in 21 U.S.C. § 841(b)(1)(A), and "more than 500

grams of powder cocaine," triggering the penalty provisions in 21 U.S.C. § 841(b)(1)(B). Docket #175. On October 27, 2009, the government filed an enhanced penalty information pursuant to 21 U.S.C. § 851 alleging that Gary had four final prior convictions for a "felony drug offense," thereby triggering the enhanced penalty provisions in 21 U.S.C. § 841(b)(1)(A). Docket #236. Under then-existing law, this subjected Gary to a mandatory life term of imprisonment.

On October 28, 2009, Gary was convicted by guilty plea of the single count in the fourth superseding indictment. Docket #331 (transcript of change of plea hearing). In his plea agreement, Gary agreed that "the readily provable amount of crack cocaine attributable to [him] is between 50 grams and 150 grams of cocaine base (crack)." Docket #238 at p. 7.

The presentence investigation report ["PSR"] prepared in advance of Gary's sentencing described Gary as a "mid-level drug dealer," PSR ¶ 23, and explained that, "[a]ccording to the government, as part of the conspiracy, Gary is responsible for possessing and/or distributing between 50 and 150 grams of cocaine base." PSR ¶ 26. The PSR further explained that Gary qualified as a career offender under U.S.S.G. § 4B1.1. PSR ¶ 40. Thus, by virtue of his exposure under 21 U.S.C. § 841(b)(1)(A) to a maximum life term of imprisonment, his base offense level was 37, *see* U.S.S.G. § 4B1.1(b)(1), and he was in criminal history category VI. PSR ¶¶ 40, 55.

But, Gary also was subject to a statutory mandatory minimum life term of imprisonment under 21 U.S.C. § 841(b)(1)(A). PSR ¶ 76. This was a result of Gary's final prior convictions for two or more felony drug offenses, as alleged in the government's § 851 sentencing enhancement information. Accordingly, the life term of imprisonment became the guidelines sentence under U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). PSR ¶ 77.

This Court imposed sentence on June 8, 2010.  It determined both that Gary was a career offender and that he was subject to a mandatory life term of imprisonment based on two of the alleged prior final convictions for felony drug offenses. The Court determined that Gary had an offense level of 34 (37, reduced three levels for acceptance of responsibility), was in criminal history category VI, and that his guidelines sentence was life imprisonment as required by statute. Docket #455-2 at p. 7.  The Court granted government departure motions.  Although the government moved for a four-level departure, which, counting down from level 37, would have resulted in an imprisonment range of 235 to 293 months, the Court imposed a 200-month term of imprisonment, to be followed by a 10-year term of supervised release.  *Id*. at pp.7-8.

It is not clear from the record how the Court selected the 200-month imprisonment term. For an offender in criminal history category VI, like Gary, the lowest offense level that encompasses a life term of imprisonment is level 37.  The closest offense level that encompasses a 200-month term of imprisonment for a criminal history category VI offender is level 31.  If the Court counted the departure down from level 37, it effectively departed downward 6 levels to achieve the term of imprisonment that it imposed.

**B.     The Fair Sentencing Act of 2010 and the First Step Act of 2018**

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111–220, 124 Stat. 2372, became law.  Under Section 2 of this legislation, the threshold quantities for a mixture or substance of cocaine base that trigger the penalties in 21 U.S.C. § 841(b)(1)(A)(iii) and (b)(1)(B)(iii), including the mandatory minimum and maximum imprisonment terms set out in those subsections, were increased from "50 grams or more" to "280 grams or more" (for the subsection (b)(1)(A)(iii) penalties) and from "5 grams or more" to "28 grams or more" (for the subsection (b)(1)(B)(iii) penalties).  These amendments applied only to offenders who were sentenced after the effective

3

date of the Fair Sentencing Act of 2010. *Dorsey v. United States*, 567 U.S. 260, 273 (2012) ("Congress intended the Fair Sentencing Act's more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date."). Because Gary had been sentenced before the effective date of the Fair Sentencing Act of 2010, these amendments did not apply to his sentence.

On December 21, 2018, the President signed into law the First Step Act of 2018. Section 404 of this legislation provides as follows:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Pub. L. 115-391, December 21, 2018, 132 Stat 5194.

Section 3582(c)(1)(B) of Title 18 of the United States Code provides that a federal district court "may not modify a term of imprisonment once it has been imposed except that— the court may modify an imposed term of imprisonment to the extent otherwise . . . permitted by statute . . . ."

**C.     Analysis**

Because the statutory penalties for Gary's offense of conviction were modified by section 2 of the Fair Sentencing Act of 2010 and because he committed that offense and was sentenced before August 3, 2010, Gary's count of conviction is a "covered offense."  Further, because Gary was determined to be criminally responsible for 50 or more but less than 150 grams of a mixture or substance containing cocaine base, and therefore necessarily also was responsible for 28 or more but less than 280 grams of a mixture or substance which contained cocaine base, the latter quantity being the threshold necessary to trigger the subsection (b)(1)(A) penalties as a result of the Fair Sentencing Act of 2010, Gary is eligible to have his sentence reduced "as if section[ ] 2 of the Fair Sentencing Act of 2010 . . .were in effect" when he committed his offense.

If the Fair Sentencing Act of 2010 had been in effect at the time of Gary's offense, based on his responsibility for 28 or more but less than 280 grams of a mixture and substance which contained cocaine base, he would have been subject to the 10-year statutory minimum and lifetime statutory maximum term of imprisonment in 21 U.S.C. § 841(b)(1)(B).  As a career offender who accepted responsibility for his offense of conviction (as this Court found), Gary's offense level would have been 34 and he would have been in criminal history category VI, yielding a guidelines imprisonment range of 262–327 months.

According to the PSR, Gary was arrested on October 29, 2008.  It appears that he has been continuously detained since then, a period in excess of 124 months.  According to a Bureau of Prisons website, Gary's present presumptive release date is June 12, 2023.

**D.     Argument**

Although Gary is legally eligible for a sentencing reduction under the First Step Act of 2018, the statute does not require that a Court reduce a term of imprisonment of an eligible

defendant however; instead it states in subsection 404(b) that a district court "may" do so. Further, subsection 404(c) provides in part that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

Here, in light of Gary's exemplary disciplinary history in federal prison, see Gary Sentencing Reduction Motion at p. 8, and Docket #455-3, the government does not oppose a reduction in Gary's sentence to treat him "as if" the Fair Sentencing Act of 2010 had been in effect when he was first sentenced. At issue here is the *extent* of such a sentencing reduction. As noted above, had the Fair Sentencing Act of 2010 been in effect when Gary committed his offense, upon conviction, and based on his criminal conduct (including the quantity of cocaine base for which he was responsible) and criminal history, he would have been subject to a ten-year statutory minimum ten-year imprisonment term under 21 U.S.C. § 841(b)(1)(B) and a guidelines imprisonment range of 262–327 months due to his status as a career offender with a post-acceptance offense level of 34 and a criminal history category of VI.

If the Court now reduces Gary's sentence by adopting the government's original four-level downward departure motion, Gary will be subject to the guidelines imprisonment range applicable to an offense level of 30 and a criminal history category of IV, specifically a range of 168 to 210 months. Because Gary has served approximately 124 months of his sentence and, according to his legal counsel, has approximately 16.5 months of good time credit, *see* Gary Sentencing Reduction Motion at p. 8, a sentencing reduction consistent with the low end of this range – 168 months -- would require that Gary serve approximately 20 more months in prison. The government believes that this outcome is consistent with the government's departure motion at sentencing and would be appropriate here.

Alternatively, as noted above, there is reason to believe that when this Court sentenced Gary, it departed downward more than the government requested in order to achieve the 200-month sentence that Gary is now serving, specifically, by six levels.  If this Court is inclined to reduce Gary's sentence and it then determines the extent of the reduction based on its original downward departure, there would be reason to depart downward six levels from the post-Fair Sentencing Act of 2010 guidelines offense level of 34.  This would result in a reduced offense level of 28 and a criminal history category of VI, yielding an imprisonment range of 140 to 175 months.  A reduction to a term of imprisonment consistent with the bottom or middle of this range would permit immediate release, which Gary seeks.

Gary also moves for a reduction in his term of supervised release from ten years to eight years.  The ten-year supervised release term was the statutory minimum term that applied under 21 U.S.C. § 841(b)(1)(A) at the time of sentencing based on Gary's criminal conduct, including the quantity of cocaine base for which he was responsible, and his criminal record.  Under the subsection that would have applied to Gary's conviction had the Fair Sentencing Act of 2010 been in effect when he committed his offense, 21 U.S.C. § 841(b)(1)(B), an eight-year supervised release term is the statutory minimum.  The Court could have, however, imposed a supervised release term up to life based on Gary's status as a recidivist.  Thus, the Court legally can either reduce the present ten-year term to an eight-year term or, alternatively, keep it in place.  The

government neither recommends nor opposes Gary's request for a reduction in his supervised release term to eight years.

Respectfully submitted this 28th day of March, 2019.

GRANT C. JAQUITH
United States Attorney
Northern District of New York

*/s/ Steven D. Clymer*

Steven D. Clymer
Assistant United States Attorney
Bar Roll #509281

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

       v.

JERMAINE GARY,
          Defendant.

Criminal Action No.
5:08-CR-00671 (NAM)

_____

CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2019, I electronically filed the **Government's Response to Motion for a Sentencing Reduction Under Section 404 of the First Step Act of 2018** with the Clerk of the District Court using the CM/ECF system.

    Molly K. Corbett, AFPD

                            /s/
                            Deanna Lieberman