IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTHERN NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.          ) | No. 08-cr-00671-NAM-9 |
| ) | |
| JERMAINE GARY       ) | |
| ) | |
| *Defendant.*     ) | |

**Defendant's Reply to Government Response
to Motion for Reduction of Sentence Pursuant to Section 404(b)
of the First Step Act of 2018 and the Fair Sentencing Act of 2010**

Defendant, Jermaine Gary, has moved for a reduction in sentence pursuant to Section 404 of the First Step Act of 2018. Mr. Gary explained in his motion that he qualifies for relief under the plain language of Section 404 because his offense of conviction is a "covered offense" as defined by that statute. The government concedes that Mr. Gary is eligible and does not oppose a sentence reduction. CM-ECF Doc. 456, Government's Response at 6.

Mr. Gary seeks a sentence reduction to 140 months which would be at the low end of the revised guideline range after application of this court's perceived departure decisions at the original sentencing conducted June 8, 2010. As the government recognizes, Mr. Gary has an "exemplary disciplinary history" and he has consistently applied himself towards improvement through education and vocational training. CM-ECF No. 456 at 6; Defendant's Ex. 2, Motion for Reduction at 1-2. Mr. Gary is deserving of a sentence reduction under the First Step ct.

1

According to application of the Fair Sentencing Act of 2010 as if it had been in effect at the time of the original offense and sentence, Gary's sentence should be reduced. The question for the court is the extent of the reduction. As previously noted Mr. Gary faced a mandatory minimum life sentence which became his guidelines sentence. U.S.S.G. §§2D1.1; 4B1.1 and 5G1.1(b); PSR p.23, ¶77. According to the PSR the total offense level applied to Gary from the Sentencing Table was 34 with a Criminal History of VI based on the career offender guidelines. PSR p. 14 ¶40; p. 23, ¶77.

The starting point of the district court's prior sentence calculations present a question as to whether Mr. Gary would eligible for immediate release if resentenced according to the prior sentencing decisions. As previously presented, according to the post-sentencing analysis it appeared to counsel that the court departed the four levels recommended by the government and then an additional five levels. This analysis used level 43 as the starting point for the sentencing reductions because the level is equal to the guidelines range of life reflecting the mandatory minimum sentence of life. *See e.g. United States v. Nelson,* 491 F.3d 344, 349-50 (7th Cir. 2007) (concluding that the district court's decision to depart from a level 43 was proper when the mandatory minimum sentence was life). Subtracting three levels for acceptance, four levels recommended by government and an additional five levels in an exercise of the court's discretion equates to a level 31 equal to the 200-month sentence imposed. Subtracting the government's prior four level departure with this court's apparent prior five level departure to the current offense level of

37, results in a revised guidelines range of 140-175 months (total offense level: 28; criminal history category VI).

The government advises that the court may have departed six levels from the total offense of 37, the first offense level that incorporates a life sentence, to a sentence of 200 months, equivalent to a level 31. CM-ECF No. 456 at 7.  The government also noted the prior reduction was the result of a recommended six level departure. Government Response at 3. If the departure started from 34 after application of a three level reduction for acceptance of responsibility, the four level recommended departure would have reduced the total offense level to 30 with a criminal history category of VI.  The corresponding guidelines range would have been 168-210 months, encompassing the 200-month sentence. The government does not object to a reduced sentence of 168 months.

### A.    The Court Should Apply the Current Law in Resentencing Gary

The court is not bound by its prior sentence determinations in resentencing Mr. Gary.  The court's prior calculations may inform its discretion along with the totality of the sentencing factors under 18 U.S.C. §3553(a) and section 404 of the First Step Act which guides the process. The plain text of Section 404 establishes a freestanding remedy for defendants who are eligible for relief under its terms. Section 404 expressly permits courts to "impose a reduced sentence" "as if" the Fair Sentencing Act "were in effect on the date the offense were committed" Sec. 404(b). It places no other limit on the extent to which the court may reduce a sentence, and places no restriction on what a court may consider in imposing a reduced sentence.

Courts are not free to add words to a statute that Congress did not include in the statute it enacted. See U.S. Const. art. I, § 1 (assigning "[a]ll legislative Powers" to Congress).

Where a statute places no restriction on the factors a court may consider in imposing a reduced sentence, the court may consider all relevant § 3553(a) factors. See, e.g., *Pepper v. United States,* 131 S. Ct. 1229, 1243, 1249 (2011) (post-sentencing developments, whether favorable or unfavorable to the defendant, bear directly on the court's duty to impose a reduced sentence that is sufficient, but not greater than necessary to serve the purposes of sentencing) . In *Pepper,* the Court found that there is no congressional policy to prohibit courts' consideration of post sentencing developments in any context, including "resentencings that occur for reasons other than" reversal on appeal, " e.g., when a sentence is set aside on collateral review." Id. at 1246.

The general rule is that a defendant should be sentenced under the law in effect at the time of sentencing. See *United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir. 1998). See, e.g., *United States v. Core*, 125 F.3d 74, 77 (2d Cir. 1997) ("When the trial court undertook to resentence [defendant] . . . , it was required to consider him as he stood before the court at that time." ); *Ferrara v. United States*, 372 F.Supp.2d 108, 133 (D. Mass. 2005) (applying Booker on resentencing after vacatur of mandatory guideline sentence on non-Booker grounds).  In alignment with this general rule, Section 3553(a) (4) states that the guidelines "in effect on the

date the defendant is sentenced" apply, except as provided in § 3742(g) (1) . See 18 U.S.C. § 3553(a) (4) (A) (ii). The only exception to § 3553(a) (4) (A) other than § 3742(g) (1) is the Ex Post Facto Clause. See *Peugh v. United States*, 569 U.S. 530, 537-38 (2013). See also *Sewell v. United States*, No. 16-CV-460, 2016 WL 6986507, at *2 (M.D. Al. Nov. 28, 2016) (applying guidelines in effect on date, of resentencing after grant of § 2255 motion as neither exception to § 3553(a) (4) (A) (ii) applies); *Ferrara v. United States*, 372 F.Supp.2d 108, 113 (D. Mass. May 13, 2005) (When a judgment is vacated on collateral review, "resentencing is governed by the law as it now exists," including the Supreme Court's decision in *Booker*, and the "correct, present Guidelines range."). Because neither exception applies to the imposition of a reduced sentence pursuant to Section 404, the Court must apply the law and guidelines in effect now.

**B.    If this Court is inclined to deny or limit the imposition of a reduced sentence, Gary requests a *de novo* resentencing.**

Gary requests that this Court grant his motion and impose a reduced sentence of 140 months imprisonment or less. As previously noted Section 404 gives courts discretion to impose a reduced sentence of any length consistent with sections 2 and 3 of the Fair Sentencing Act, without limitation on what the court may consider. Section 404(b). Section 404 also gives the court discretion to deny a motion even though the defendant is eligible for imposition of a reduced sentence so long as the court denies the motion "after a complete review . . . on the merits." Section 404(c).  Under similar circumstances, courts have held that there must be a hearing at which the defendant is present if a court is considering anything less

than exercising its discretion to grant full relief.  See, e.g., *United States v. Brown*, 879 F.3d 1231, 1237-41 (11th Cir. 2018); *United States v. Faulks*, 201 F.3d 208, 210-12 (3d Cir. 2000); *United States v. Moree*, 928 F.2d 654, 655-56 (1st Cir. 1991).

The independent authority granted in section 404 of the First Step Act is not a simple sentence modification under 18 U.S.C. §3582(c).  Treating section 404 in that manner would ignore the plain language of section 404 and other statutes addressing the imposition of sentence. Congress' choice of the verb "impose" (instead of "modify" or "reduce") in Section 404 is significant. Federal sentencing statutes use the verb "impose" to mean "sentence" in light of all relevant factors. See, e.g., 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."); § 3553(a) (2) (directing courts to consider "the need for the sentence imposed" in light of the purposes of sentencing); § 3553(c) ("Statement of Reasons for Imposing a Sentence. The court, at the time of  sentencing, shall state in open court the reasons for its imposition of the particular sentence"); § 3661 ("No limitation may be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court…may receive and consider for the purpose of imposing an appropriate sentence).

Limitations on a court's discretion in reducing sentences pursuant to 18 U.S.C. § 3582(c) (2) is inapplicable to resentencings pursuant to the First Step Act. Contra. *Dillon v. United States*, 560 U.S. 817 (2010) (limiting the court's discretion under 18 U.S.C. §3582(c)). The Supreme Court in *Dillon* was interpreting language

in the text of 18 U.S.C. §3582(c) (2) which is not present in Section 404. Justice Sotomayor explained, "By its terms §3582(c) (2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for 'the modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission. . . Section 3582(c) (2)'s text together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon*, at 825-826.

     A court proceeding under § 3582(c) (2) does not "impose a new sentence in the usual sense." Id. at 827. Instead, the court must follow §1B1.10's instructions in determining "eligibility," in what circumstances it may reduce a sentence, and "the extent of the reduction authorized." Id. Section 404 contains no reference to policy statements issued by the Sentencing Commission unlike 18 U.S.C. § 3582(c) (1) (A) and (c) (2). In addition, unlike 28 U.S.C. §§ 994(t) and (u), Congress gave the Commission no power or authority to issue policy statements regarding under what circumstances or by what amount a sentence may be reduced. Proceedings brought under Section 404(b) operates separate and apart from §3582(c)(2) as resentencings.

     Mr. Gary has consistently applied himself to his rehabilitation and made significant efforts to insure he will positively contribute to his family and community upon his release. The court noted at Mr. Gary's original sentencing that should the legislation that was pending at that time be passed and be retroactive he would not be waiving resentencing. Accepting Gary's analysis of the prior

7

sentencing proceedings would place Gary in a guidelines range in which the court could impose a sentence from which he would be eligible for release.

In the alternative if the court believes the prior sentence was determined from a level 37 after application of the court's prior exercise of sentencing discretion, Mr. Gary requests an additional reduction from the guidelines range of 168-210 months. Mr. Gary has been an exemplary prisoner and committed to personal improvement. He is deserving of a reduction to approximately 140 months with a reduced term of 8 years of supervised release.

## Conclusion

Mr. Gary requests the court reduce his sentence to a term that would make him eligible for release. If this Court is inclined to decline Gary's motion or not impose a sentence that authorizes his immediate release, Gary respectfully requests a *de novo* resentencing hearing. Mr. Gary waives his presence at such hearing.

DATED: April 8, 2019

                                            Respectfully submitted,
                                            /s/
                                            Molly K. Corbett
                                            Assistant Federal Public Defender

cc.    Steven D. Clymer
       Assistant United States Attorney

CERTIFICATE OF SERVICE

On today's date I filed the attached Reply to the Government's Response using the CM/ECF filing system for the Northern District of New York. By so filing copies were served on the above copied parties.

Dated: April 8, 2019

                                               Molly K. Corbett
                                               Assistant Federal Public Defender