UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:08-cr-00671-NAM-9 |
| v. | |
| JERMAINE GARY, | |
| Defendant. | |

**Government's Opposition to Defendant's
Motion for Early Termination of Supervised Released**

Defendant Jermaine Gary has moved, *pro se*, for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1) and Fed. R. Crim. P. 32.1(c)(2)(C). The government opposes the motion. Gary has served less than a quarter of his mandatory minimum eight-year term of supervised release. The applicable 18 U.S.C. § 3553(a) factors, including the nature and circumstances of his offense and his criminal history, do not support early termination.

**I.      Procedural History**

On June 24, 2009, Gary was charged in a one-count fourth superseding indictment with conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846, which offense involved "more than 50 grams of cocaine base," triggering the then-applicable penalty provisions in 21 U.S.C. § 841(b)(1)(A), and "more than 500 grams of powder cocaine," triggering the penalty provisions in 21 U.S.C. § 841(b)(1)(B). *See* Dkt. 175. On October 27, 2009, the government filed an enhanced penalty information pursuant to 21 U.S.C. § 851 alleging that Gary had four final prior convictions for a "felony drug offense," thereby triggering the enhanced penalty provisions in 21 U.S.C. § 841(b)(1)(A). *See* Dkt. 236. Under then-existing law, this subjected Gary to a mandatory life term of imprisonment.

On October 28, 2009, Gary was convicted by guilty plea of the single count in the fourth superseding indictment. *See* Dkt. 331 (transcript of change of plea hearing). In his plea agreement, Gary agreed that "the readily provable amount of crack cocaine attributable to [him] is between 50 grams and 150 grams of cocaine base (crack)." *See* Dkt. 238 at p. 7.

The presentence investigation report ("PSR") prepared in advance of Gary's sentencing described Gary as a "mid-level dealer," PSR ¶ 23, and explained that, "[a]ccording to the government, as part of the conspiracy, Gary is responsible for possessing and/or distributing between 50 and 150 grams of cocaine base." PSR ¶ 26. The PSR further explained that Gary qualified as a career offender under U.S.S.G. § 4B1.1. PSR ¶ 40. Thus, by virtue of his exposure under 21 U.S.C. § 841(b)(1)(A) to a maximum life term of imprisonment, his base offense level was 37, *see* U.S.S.G. § 4B1.1(b)(1), and he was in criminal history category VI. PSR ¶¶ 40, 55.

But, Gary also was subject to a statutory mandatory minimum life term of imprisonment under 21 U.S.C. § 841(b)(1)(A). PSR ¶ 76. This was a result of Gary's final prior convictions for two or more felony drug offenses, as alleged in the government's section 851 sentencing enhancement information. Accordingly, the life term of imprisonment became the guidelines sentence under U.S.S.G. § 5G1.1(b). PSR ¶ 77.

This Court imposed sentence on June 8, 2010. It determined both that Gary was a career offender and that he was subject to a mandatory life term of imprisonment based on two of the alleged prior final convictions for felony drug offenses. The Court determined that Gary had an offense level of 34 (37, reduced three levels for acceptance of responsibility), was in criminal history category VI, and that his guidelines sentence was life imprisonment as required by statute. *See* Dkt. 455-2 at p.7. This Court granted government departure motions. Although the government moved for a four-level departure, which, counting down from level 37, would have resulted in an

imprisonment range of 235-293 months, the Court imposed a 200-month term of imprisonment, to be followed by a 10-year term of supervised release. *Id.* at pp. 7-8.

On March 26, 2019, Gary, with the assistance of counsel, filed a Motion to Reduce Sentence Under the First Step Act Section 404(b). *See* Dkt. 455. The government conceded that Gary was eligible for a sentencing reduction, agreed that a reduction was warranted, but requested a reduction to a term not less than 168 months. *See* Dkt. 456 at ECF p. 6. If accepted, that would have left Gary with approximately 20 months left to serve. *Id.* On May 10, 2019, this Court granted Gary's motion and reduced his imprisonment term to time served and his term of supervised release from 10 years to eight years, consistent with the reduced mandatory minimum for supervised release. *Id.* (citing 21 U.S.C. § 841(b)(1)(B)).

On February 11, 2021, after having served approximately 1 year and 8 months of his term of supervised release, Gary moved to terminate it early.

**II.  This Court Should Not Terminate Gary's Supervised Release Less Than a Quarter Through the Mandatory Minimum Term**

By all accounts Gary had an exemplary disciplinary history while in federal prison and has done well on supervised release so far. However, considering Gary's offense conduct, criminal history, and eight-year mandatory minimum term of supervised, the government opposes terminating Gary's supervised release now.

**A.  Governing Law**

"The Court may [after consideration the factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)] . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release

. . . if it is satisfied that such is (1) warranted by the conduct of the defendant released and (2) in the interest of justice. 18 U.S.C. § 3583(e)(1).[1]

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

*United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (*Lussier* does not require new or changed circumstances to modify conditions); *United States v. Sheckley*, 129 F.3d 114, 114 (2d Cir 1997) (Table) ("Early termination is not warranted as a matter of course" and a defendant is "not entitled to early termination simply because he has successfully served a portion of his supervised release term.").

Whether a district court can terminate supervised release before the mandatory minimum term has expired appears to be an open question in the Second Circuit. Other courts, however, have held that early termination of supervised release is permissible even if it results in the defendant serving a term less than the mandatory minimum. *Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018) (Congress did not intend for "a minimum term of supervised release [] to constrain the court's ability to later terminate it."); *see also United States v. Spinelle*, 41 F.3d 1056, 1060 (6th

---

[1] Supervised release is an important component of Gary's sentence. In *Gall v. United States*, 552 U.S. 38, 48 (2007), the Supreme Court explained that a term of supervised release is a form of punishment. Routine, post-sentencing alternation of a term of supervised release would defeat the goals of the Sentencing Reform Act of 1984, which implemented determinate federal sentencing and created provisions for supervised release.

Cir. 1994) ("[W]e hold that a district court has discretionary authority to terminate a term of supervised release after the completion of one year, pursuant to 18 U.S.C. § 3583(e)(1), even if the defendant was sentenced to a mandatory term of supervised release under 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 3583(a)."); *United States v. McClister*, No. 02-CR-87, 2008 WL 153771 (D. Utah Jan. 14, 2008) (same); *United States v. Macklin*, No. 95-CR-11, 2009 WL 2486336 (E.D. Mo. Aug. 11, 2009) (same); U.S. Sentencing Commission, Federal Offenders Sentenced to Supervised Release, at 35 (July 2010) ("[E]arly terminations may occur even in cases where a statute originally required the sentencing court to impose a term of supervised release in excess of one year.").

### B. Argument

Assuming this Court has the authority to terminate supervised release before the expiration of a mandatory minimum term it should decline to do so here. This Court has already reduced Gary's supervised release term from 10 years to eight years to reflect subsequent changes in law after Gary was convicted. The mandatory minimum term reflects a Congressional judgment as to an appropriate supervised release term, at least as a starting point. Serving less than a quarter of the minimum term, even in compliance with release conditions, is insufficient to support early termination even assuming that a defendant does not need to show significantly changed or extraordinary reasons for early termination. *See United States v. Laine*, 404 F. App'x 571, 573-74 (3d Cir. 2010) (per curiam) (finding no "miscarriage of justice" that would warrant the disregard of an appellate waiver provision in the plea agreement where the district court denied a motion to terminate supervised release; the defendant stated that he wanted to "open a monastery to serve victims of domestic violence, and to travel the United States and Canada to raise money and public awareness"). *See also United States v. Davies*, -- F. App'x --, 2018 WL 3954225, at *2 (3d Cir.

Aug. 17, 2018) (not precedential) (district court did not abuse its discretion in denying motion in the absence of "new or unforeseen circumstances"); *United States v. Abuhouran*, 398 F. App'x 712, 715 (3d Cir. 2010) (not precedential) (affirming denial of motion where "[t]here has been nothing exceptional about [the defendant]'s conduct while on supervised release."). If simple compliance with the terms of the court's supervision were sufficient to justify early termination, "the exception would swallow the rule." *United States v. Guilliatt*, 2005 WL 589354, at *1 (E.D. Pa. 2005); *See also United States v. Lohman*, 2007 WL 1430282, *1 (E.D. Wis. 2007) (holding that if simple compliance were sufficient for early termination, "every defendant who avoided revocation would be eligible for early termination").

      Gary also has a criminal history reflecting that he has never sustained a period of lawful behavior as an adult. PSR ¶¶ 45-51 (showing arrests at ages 16, 17, 19, 20, 22, 25, and 29 (instant offense)). Portions of the time that defendant did not have an arrest he was incarcerated. *Id.* Thus, terminating Gary's supervised release now is inconsistent with the nature and circumstances of his offense and his history and characteristics, does not afford adequate deterrence to future criminal conduct, and does not adequately protect the public. *See United States v. Hernandez-Flores*, No. CR 02–1020 JB, 2012 WL 119609, at *5 (D.N.M. Jan. 3, 2012) (declining to decide whether it is lawful to terminate supervised release before the expiration of the mandatory minimum term and declining to do so because the court "should be hesitant to undercut Congress' judgment without a firm conviction that the other factors in 18 U.S.C. § 3553(a) weigh in favor of early termination," where the defendant had a four-year mandatory minimum and a significant criminal history); *United States v. Keeling*, No. CR-98-99-M, 2008 WL 1817272, at *1 (W.D. Okla. Apr. 22, 2008) (noncompliance and service of less than half of term removes defendant as favorable candidate for early termination); *United States v. Singleton*, 2020 WL 3271633, at *1-*2 (E.D.T.X. June 17,

2020) (denying motion for early termination of supervised release where defendant had served more than half of his four-year term of supervised release in light of nature of defendant's drug trafficking activities and notwithstanding defendant's "commendable achievements and goals" since his release).

### III. Conclusion

Gary's performance so far on supervised release is promising. However, the government opposes his request for early termination because he has served less than a quarter of his mandatory minimum supervised release term, and his offense conduct and criminal history support his continuation on supervision.

                                          ANTOINETTE T. BACON
                                          Acting United States Attorney

By: *Michael Gadarian*

                                          Digitally signed by MICHAEL GADARIAN
                                          Date: 2021.03.03 17:12:06 -05'00'

                                          Michael D. Gadarian
                                          Assistant United States Attorney
                                          Bar Roll No. 517198