UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                              5:08-CR-671 (NAM)

JERMAINE GARY,

            **Defendant.**
_____

**APPEARANCES:**

Michael D. Gadarian
Office of the United States Attorney
100 South Clinton Street
Syracuse, NY 13261
*Attorneys for the Government*

Jermaine Gary
Utica, NY 13502
*Defendant Pro Se*

**Hon. Norman A. Mordue, Senior United States District Court Judge**

### ORDER

Now before the Court is Defendant's *pro se* motion for early termination of supervised release. (Dkt. No. 460). The Government opposes the motion. (Dkt. No. 462). As background, Defendant pleaded guilty in 2009 to Conspiracy to Possess with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 846. (Dkt. No. 331). The Court sentenced Defendant to 200 months imprisonment, followed by 10 years of supervision. (Dkt. Nos. 280, 332). On May 10, 2019, the Court reduced Defendant's sentence to time served upon his successful motion for relief pursuant to the First Step Act of 2018. (Dkt. Nos. 458–59). Defendant's term of supervision was reduced to 8 years. (*Id.*). He has completed approximately 22 months of that term.

Defendant's motion is governed by 18 U.S.C. § 3583(e), which provides that, after one year of supervision, the Court may terminate a defendant's term of supervised release if it "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

In support of early termination, Defendant states that he has attained stability in his life, residence, marriage, and employment. (Dkt. No. 460, p. 6). Defendant contends that he has "no correctional needs that supervision could help with and my decompression stage is over." (*Id.*). Defendant also claims that he is a low risk to the community to re-offend. (*Id.*, p. 14). Defendant points to his compliance with supervision over the last 20 months. (*Id.*, p. 15). Finally, Defendant argues that "because I served longer in prison that I should have, consideration for early termination of supervised release should be given more weight than a normal case would typically garner." (*Id.*, p. 10).

The Government acknowledges that Defendant has done quite well on supervision. (Dkt. No. 462, p. 7). However, the Government opposes early termination because "he has served less than a quarter of his mandatory minimum supervised release term, and his offense conduct and criminal history support his continuation on supervision." (*Id.*).

Overall, the Court commends Defendant on his conduct and accomplishments since his release from prison. He has made great strides towards rehabilitation, stability, and independence. Defendant has generally complied with all the conditions of supervision, with two notable exceptions: a positive drug test in March 2020 and another in February 2021. These incidents suggest that Defendant is not yet ready to forgo supervision, which continues to serve the purpose of rehabilitation. Therefore, after careful consideration of all the facts and the factors in 18 U.S.C. § 3553(a), the Court finds that early termination of

supervision is not warranted by the conduct of Defendant and is not in the interest of justice at this time. Should Defendant continue his progress and compliance, the Court will revisit the issue upon a renewed motion in one year's time.

Wherefore, it is hereby

**ORDERED** that Defendant's motion for early termination of supervision (Dkt. No. 460) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to serve copies of this Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Date:   March 16, 2021
         Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge