UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.     5:08-CR-671 (NAM)

JERMAINE GARY,

      **Defendant.**

**APPEARANCES:**

Richard Southwick
Office of the United States Attorney
100 South Clinton Street
Syracuse, NY 13261
*Attorney for the Government*

Jermaine Gary
440 Euclid Road
Utica, NY 13502
*Defendant Pro Se*

**Hon. Norman A. Mordue, Senior United States District Court Judge**

### ORDER

Now before the Court is Defendant's second *pro se* motion for early termination of supervised release. (Dkt. No. 465). The Government opposes the motion. (Dkt. No. 467). As background, Defendant pleaded guilty in 2009 to Conspiracy to Possess with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 846. (Dkt. No. 331). The Court sentenced Defendant to 200 months imprisonment, followed by 10 years of supervision. (Dkt. Nos. 280, 332). On May 10, 2019, the Court reduced Defendant's sentence to time served upon his successful motion for relief pursuant to the First Step Act of 2018. (Dkt.

Nos. 458–59).  Defendant's term of supervision was reduced to 8 years.  (*Id.*).  He has completed approximately 33 months of that term.

Defendant's motion is governed by 18 U.S.C. § 3583(e), which provides that, after one year of supervision, the Court may terminate a defendant's term of supervised release if it "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).

In support of early termination, Defendant states that he has maintained employment, bought a home, and passed all of his drug tests in the last year of supervision.  (Dkt. No. 465, p. 3).  In response, the Government takes the position that Defendant and the public would both benefit from his continued supervision.  (Dkt. No. 467).

The Court denied Defendant's previous motion for early termination of supervision in March of 2021, finding that two positive drug tests indicated that Defendant was not yet ready to forgo supervision, which continued to serve the purpose of rehabilitation.  (Dkt. No. 464, p. 2).  The Court also stated that if Defendant continued his progress and compliance, the Court would revisit early termination of supervision upon a renewed motion in one year's time.  (*Id.*, p. 3).

As Defendant points out, one year has passed since the Court's decision, and in that time Defendant has not had any positive drug tests and he has made further progress in life.  Once again, the Court commends Defendant on his conduct and accomplishments since his release from prison.  These factors weigh in favor of early termination.  On the other hand, Defendant has completed less than half of his eight-year term of supervision.  And the Court must still consider Defendant's serious criminal history.  Therefore, although it is a close decision, the Court finds that termination of supervision is premature.  After careful

consideration of all the facts and the factors in 18 U.S.C. § 3553(a), the Court concludes that early termination of supervision is not in the interest of justice at this time.

Wherefore, it is hereby

**ORDERED** that Defendant's motion for early termination of supervision (Dkt. No. 465) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to serve copies of this Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Date:   April 25, 2022
        Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge